# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**RAY FLOYD GARCIA, JR.,**

    **Plaintiff,**

    v.                                CASE NO. 17-3181-SAC

**SUSAN A. SHAW, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Although Plaintiff is currently incarcerated at the Lansing Correctional Facility, the events giving rise to the Complaint occurred while Plaintiff was housed at the El Dorado Correctional Facility in El Dorado, Kansas. On October 19, 2017, the Court entered an Amended Notice of Deficiency (Doc. 5), finding that Plaintiff has not paid the $400 filing fee or filed a motion to proceed in forma pauperis in this case. On November 9, 2017, Plaintiff paid a partial filing fee in the amount of $5.00. On November 20, 2017, Plaintiff sent a letter to the Court indicating that he intends to pay the remainder of the $400 filing fee. (Doc. 8.) The Court will interpret the letter as a request for an extension of time to pay the remainder of the filing fee. The Court grants the requests and extends the time for submitting the remaining $395.00 of the filing fee to December 12, 2017.

Plaintiff has filed a motion for appointment of counsel (Doc. 2). Plaintiff alleges that he cannot afford to obtain an attorney, his imprisonment will greatly limit his ability to litigate, the

1

case will involve substantial investigation and discovery, the issues are complex, and a trial will likely involve conflicting testimony and the cross examination of witnesses.

The Court has considered Plaintiff's motion for appointment of counsel. There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979). The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments. The Court denies the motion without prejudice to refiling the motion if Plaintiff's Complaint survives screening.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **December 12, 2017**, in which to pay the remaining $395.00 of the filing fee in this case. The

failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel (Doc. 2) is **denied without prejudice.**

**IT IS SO ORDERED**.

Dated in Topeka, Kansas, on this 28th day of November, 2017.

<u>s/ Sam A. Crow</u>
**SAM A. CROW**
**U. S. Senior District Judge**