**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**RAY FLOYD GARCIA, JR.,**

        **Plaintiff,**

        **v.**                        **CASE NO. 17-3181-SAC**

**SUSAN A. SHAW, et al.,**

        **Defendants.**

**MEMORANDUM AND ORDER**
**AND ORDER TO SHOW CAUSE**

Plaintiff Ray Floyd Garcia, Jr., is hereby required to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this case should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

**I.  Nature of the Matter before the Court**

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.  Although Plaintiff is currently incarcerated at the Lansing Correctional Facility, the events giving rise to the Complaint occurred while Plaintiff was housed at the El Dorado Correctional Facility in El Dorado, Kansas.  On November 9, 2017, Plaintiff paid a partial filing fee in the amount of $5.00.  The Court granted Plaintiff an extension of time to December 12, 2017, to submit the remaining $395.00 of the filing fee. (Doc. 9.)  Plaintiff submitted a filing fee in the amount of $400 on December 7, 2017.  The Clerk returned the fee due to the overpayment.  Plaintiff should resubmit the filing fee in the amount $395.

Plaintiff alleges the following in his Complaint.  On October 9, 2019, CO Martin and CO Van Scoter told Plaintiff that RN Shaw was going to give Plaintiff a tetanus shot.  Plaintiff told Nurse Shaw that he wanted it given to him in his hip.  Shaw responded that it has to be given in the

arm.   Nurse Shaw grabbed Plaintiff's arm, yanking him towards her at his door frame, while Plaintiff was handcuffed behind his back.   CO Martin and CO Van Scoter were present and did not intervene to stop Nurse Shaw.   Plaintiff's arm was bruised and swollen from the shot and from the pulled muscle from Shaw yanking his arm.   Plaintiff alleges that Nurse Shaw used excessive force in violation of his Eighth Amendment rights when she gave him the tetanus shot in his arm despite Plaintiff telling her not to give him the shot in his arm because it would cause pain in his arm.   Plaintiff seeks monetary damages.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)– (2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).   A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).   In addition, the court accepts all well-pleaded allegations in the complaint as true.   *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).   On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate.   *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 555 (citations omitted).  The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face."  *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals.  *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).   As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief."  *Kay*, 500 F.3d at 1218 (citation omitted).   Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'"  *Smith*, 561 F.3d at 1098 (citation omitted).   "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a

complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III.   DISCUSSION

Plaintiff fails to state a claim of excessive force under the Eighth Amendment's Cruel and Unusual Punishments Clause.   *See Estate of Booker v. Gomez*, 745 F.3d 405, 419 (10th Cir. 2014) (stating that "claims of excessive force involving convicted prisoners arise under the Eighth Amendment").   The Eighth Amendment's prohibition against "cruel and unusual punishments" applies to the treatment of inmates by prison officials.   *See Whitley v. Albers*, 475 U.S. 312, 319–21 (1986).   Prison officials violate inmates' Eighth Amendment rights when they subject them to the "unnecessary and wanton infliction of pain."   *Id*. at 319.   "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."   *Hudson v. McMillian*, 503 U.S. 1, 6–7 (1992) (citation omitted).   "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'"   *Id*. at 9–10.

Plaintiff does not allege that he outright refused a tetanus shot, but rather that he refused to have it administered in his arm and preferred to have it given to him in his hip.   Not every isolated battery or injury to an inmate amounts to a federal constitutional violation.   *See id*. at 9 (stating that not "every malevolent touch by a prison guard gives rise to a federal cause of action.") (citing

4

*Johnson v. Glick*, 481 F.2d 1028, 1033 (2nd Cir. 1973) ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights")); *see also Jones-Bey v. Wright*, 944 F. Supp. 723, 733 (N.D. Ind. 1996) (concluding that "requiring an inmate who has refused to take a test by injection, except under court order, to lay down and have his arm immobilized during the test does not violate his federally protected rights, *Caldwell v. Miller,* 790 F.2d 589, 596 (7th Cir.1986) (requiring courts to accord "wide-ranging deference" to prison officials "in adopting policies that are needed to preserve internal order and security."), and that reasonable force used to immobilize an inmate during such a test is *de minimis* within the meaning of *Hudson v. McMillian,* and does not violate the Eighth Amendment.").

## IV.  Response Required

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein.

**IT IS THEREFORE ORDERED THAT** that Plaintiff is granted until **February 28, 2018,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 31st day of January, 2018.**


**s/ Sam A. Crow**
**Sam A. Crow**
**U.S. Senior District Judge**