**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**RAY FLOYD GARCIA, JR.,**

    **Plaintiff,**

    v.                                    **CASE NO. 17-3181-SAC**

**SUSAN A. SHAW, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Response (Doc. 11) to the Court's January 31, 2018 Memorandum and Order and Order to Show Cause ("MOSC") (Doc. 10). The MOSC ordered Plaintiff to show cause why Plaintiff's Complaint (Doc. 1) should not be dismissed for the reasons set forth in the MOSC. Plaintiff has failed to show good cause and his Complaint is dismissed for failure to state a claim.

Plaintiff alleges the following in his Complaint. On October 9, 2015, CO Martin and CO Van Scoter told Plaintiff that RN Shaw was going to give Plaintiff a tetanus shot. Plaintiff told Nurse Shaw that he wanted it given to him in his hip. Shaw responded that it has to be given in the arm. Nurse Shaw grabbed Plaintiff's arm, yanking him towards her at his door frame, while Plaintiff was handcuffed behind his back. CO Martin and CO Van Scoter were present and did not intervene to stop Nurse Shaw. Plaintiff's arm was bruised and swollen from the shot and from the pulled muscle from Shaw yanking his arm. Plaintiff alleges that Nurse Shaw used excessive force in violation of his Eighth Amendment rights when she gave him the tetanus shot in his arm despite Plaintiff telling her not to give him the shot in his arm because it would cause pain in his arm. Plaintiff seeks monetary damages.

The Court found in the MOSC that Plaintiff fails to state a claim of excessive force under the Eighth Amendment's Cruel and Unusual Punishments Clause. *See Estate of Booker v. Gomez*, 745 F.3d 405, 419 (10th Cir. 2014) (stating that "claims of excessive force involving convicted prisoners arise under the Eighth Amendment"). The Eighth Amendment's prohibition against "cruel and unusual punishments" applies to the treatment of inmates by prison officials. *See Whitley v. Albers*, 475 U.S. 312, 319–21 (1986). Prison officials violate inmates' Eighth Amendment rights when they subject them to the "unnecessary and wanton infliction of pain." *Id*. at 319. "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6–7 (1992) (citation omitted). "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Id*. at 9–10.

The Court found in the MOSC that Plaintiff did not allege that he outright refused a tetanus shot, but rather that he refused to have it administered in his arm and preferred to have it given to him in his hip. Plaintiff has filed a response (Doc. 11) alleging that he did refuse to have RN Susan Shaw give him the tetanus shot. Plaintiff states that he informed RN Shaw that it would inflict serious pain in his arm, but she stabbed the needle in his arm "like holding a knife."

Not every isolated battery or injury to an inmate amounts to a federal constitutional violation. *See id*. at 9 (stating that not "every malevolent touch by a prison guard gives rise to a federal cause of action.") (citing *Johnson v. Glick*, 481 F.2d 1028, 1033 (2nd Cir. 1973) ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers,

2

violates a prisoner's constitutional rights")); *see also Jones-Bey v. Wright*, 944 F. Supp. 723, 733 (N.D. Ind. 1996) (concluding that "requiring an inmate who has refused to take a test by injection, except under court order, to lay down and have his arm immobilized during the test does not violate his federally protected rights, *Caldwell v. Miller,* 790 F.2d 589, 596 (7th Cir.1986) (requiring courts to accord "wide-ranging deference" to prison officials "in adopting policies that are needed to preserve internal order and security."), and that reasonable force used to immobilize an inmate during such a test is *de minimis* within the meaning of *Hudson v. McMillian,* and does not violate the Eighth Amendment.").

In *Myers v. Jackson*, the Court rejected plaintiff's claim that he had a constitutional right to refuse medical attention and that the nurse violated that right and subjected him to excessive force. *Myers v. Jackson*, No. 11-3168-SAC, 2012 WL 137935, at \*4 (D. Kan. Jan. 18, 2012).  In *Myers*, the plaintiff alleged that he refused treatment and the nurse "vigorously" poked him multiple times "with an I.V. needle" and wiggled the needle around inside his skin while he was restrained.  *Id*. at \*1.  The Court noted that plaintiff was not alleging that he was denied necessary medical treatment, but rather that he had a constitutional right to refuse medical treatment and that the nurse violated that right.  *Id*.  The Court rejected plaintiff's claims, citing *Washington v. Harper*, 494 U.S. 210, 221 (1991).  The Court noted that the decision to draw some of plaintiff's blood for diagnostic testing was made by a medical professional who had sound reasons for her decision.  *Id*. at \*4.  The Court found that plaintiff failed to state a constitutional violation.  *Id*. (citing *Sconiers v. Jarvis*, 458 F. Supp. 37 (D. Kan. 1978) (Officials charged with responsibility to provide for medical treatment of prison inmates have a constitutional duty to provide necessary medical treatment regardless of consent); *Davis v. Agosto*, 89 F. App'x 523 (6th Cir. 2004) (unpublished) (It was well within the authority of prison medical officials to determine that closing

a wound was necessary to the health and safety of an inmate; and had they opted in the face of the inmate's objection not to provide this treatment, they could have subjected themselves to a deliberate indifference claim.).  The Court also found that plaintiff's claims failed to state an Eighth Amendment claim of deliberate indifference.  *Id*. at *5 (finding that insertion of an IV needle into an arm is not the type of medical treatment or procedure that intrinsically poses a substantial risk of serious harm). *See also Myers v. Jackson*, No. 11-3168-SAC, 2012 WL 3637742, at *4 (D. Kan. Aug. 23, 2012) (dismissing for failure to state a claim and noting that allegation that the nurse violated KDOC policy is a matter of state law that is not cognizable under § 1983), *affirmed* 505 F. App'x 795 (10th Cir. 2012).   The reasoning in *Myers* applies to this case and the Court finds that Plaintiff has failed to show cause why his Complaint should not be dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED THAT** this action is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas on this 20th day of March, 2018.**

> **S/ Sam A. Crow**
> **Sam A. Crow**
> **U.S. Senior District Judge**